# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAMIEN HARRIS, | |
| Movant, | CRIMINAL ACTION NO.<br>1:20-CR-0099-WMR |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.<br>1:22-CV-2501-WMR |
| Respondent. | |

## ORDER

This matter is before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 234], wherein the Magistrate Judge recommends that Movant Damien Harris' 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, [Doc. 201], be denied. Movant has filed his objections to the R&R. [Doc. 239].

**I.     Background**

On July 29, 2020, Movant entered a negotiated guilty plea to one count of conspiracy to distribute at least 500 grams of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§841(B)(1)(A) and 846. [Doc. 82]. The presentence report showed that, based on his crimes, criminal history, and other factors, Movant faced a guideline range of 151 to 188 months of

incarceration. [Doc. 112]. On December 18, 2020, this Court sentenced Movant to 136 months of incarceration to be followed by ten years of supervised release. [Doc. 105]. Before filing his § 2255 motion, Movant filed an appeal which he subsequently withdrew. [Doc. 166].

Movant now proceeds on an amended motion, [Doc. 202], in which he raises the single ground that his trial counsel provided ineffective assistance for failing to investigate and present mitigation evidence at sentencing. According to Movant, he

> suffered abandonment and physical and emotional abuse from a young age, from foster parents, from his mother, and from his mother's numerous boyfriends. As a child he was introduced to drugs and alcohol by the adults in his life, and has suffered from intermittent substance abuse issues throughout his life. When [Movant] was 17, he was in a horrific motorcycle accident, and suffered injuries which have caused chronic pain and permanent brain damage. A neuropsychologist recently found that he has an IQ of 61, and scored him variously at between the 0.4 and 5th percentile for immediate memory, visuospatial / constructional skills, language skills, basic attention skills, and delayed memory.

[Doc. 239 at 2-3 (citation omitted)].

Movant contends that his trial counsel never asked about or otherwise investigated Movant's background or his prior history, and the mitigation presentation that he made was brief and left out significant information. [*Id.* at 6]. Movant further contends that, had trial counsel presented the information he collected and presented in the § 2255 proceeding, the outcome of his sentencing, in reasonable probability, would have been different. [*Id.* at 17].

2

The Magistrate Judge reviewed the parties' arguments and determined that trial counsel did not have a duty to further investigate Movant's personal history because he never had any indication from his interactions with Petitioner and his common-law wife that such an investigation was necessary or would produce significant information. [Doc. 234]. Further, the information that Movant presented was mostly cumulative of the information in the presentence report ("PSR"). [*Id.*]. Finally, the Magistrate Judge found that Movant had not demonstrated prejudice under the standard explained in *Strickland v. Washington*, 466 U.S. 668 (1984),[1] because there is no reasonable probability that the outcome of the sentencing would have been different. [*Id.*].

## II.     Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general

---

[1] For a full discussion of the *Strickland* standard, see the R&R, [Doc. 234], at 14-16.

objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

### III. Discussion

In his objections, Movant argues that the Magistrate Judge erred because trial counsel had ample reason to further investigate Movant's background. According to Movant, trial counsel should have been alerted to Movant's cognitive impairments because his wife always attended their meetings after Movant was released on bond, and she spoke for him and explained things to him. Movant further points out that the information provided in the PSR should have spurred trial counsel to investigate further into his unstable childhood history of bouncing between living with his mother, in foster care, and with relatives. Movant contends that, in any event, the duty to investigate and present mitigation evidence exists independent of any valid reason to pursue such evidence.

Movant also argues that the information about Movant's upbringing and history that he presented to the Magistrate Judge was much more comprehensive and disturbing than the version that appears in the PSR. Finally, Movant contends that trial counsel's failure to present a full case in mitigation clearly prejudiced him. However, other than disputing the Magistrate Judge's rationale for finding no prejudice, Movant does not clearly explain why or how the outcome of his

sentencing proceeding would have, in reasonable probability, been different if counsel had presented the evidence he contends should have been presented.

Having reviewed the record and the R&R in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. As the Magistrate Judge found, trial counsel saw no reason to question Movant's cognitive ability, and he did not believe that he had difficulties communicating with Movant. Neither Movant nor his family told trial counsel about Movant's difficult childhood. While some lawyers may have inferred that Movant had difficulties that merited further inquiry, the *Strickland* analysis "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [This Court must] ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

Given the facts presented, this Court concludes that a reasonable lawyer may well have forgone further investigation into Movant's background under the circumstances. This Court observed and interacted with Movant at both his plea hearing and his sentencing, and he presented as a coherent individual who well understood the questions he was asked. While trial counsel's interactions with Movant were more involved, the Magistrate Judge, who saw trial counsel testify, credited his testimony that he had no reason to believe that Movant had significant

5

cognitive impairment. Movant has not provided this Court with any basis to reverse that finding.

Additionally, Movant's implied argument that American Bar Association ("ABA") standards have abrogated Eleventh Circuit case law is simply incorrect. While the ABA may have published precatory standards that defense counsel should follow in representing criminal defendants, those standards do not set the baseline of effective counsel under *Strickland*, and they certainly are not binding precedent that trumps the Eleventh Circuit case law cited by the Magistrate Judge. *See* [Doc. 234 at 16-17].

This Court further agrees with the Magistrate Judge that the mitigating evidence that Movant presented at the hearing is largely cumulative of the information in the PSR. "[E]vidence presented in postconviction proceedings is 'cumulative' or 'largely cumulative' to or 'duplicative' of that presented at trial when it tells a more detailed version of the same story told at trial or provides more or better examples or amplifies the themes presented." *Holsey v. Warden*, 694 F.3d 1230, 1260-61 (11th Cir. 2012). While this Court was unaware of Movant's purported intellectual limitations, the PSR clearly indicated that Movant had a troubled childhood. Moreover, the intellectual limitations presented in the neuropsychological report are difficult to square with the evidence presented in the PSR and recited at the plea hearing. According to Movant, he struggles with reading

6

because, by the time that he gets to the end of a paragraph, he no longer remembers what was at the beginning of that paragraph, and he cannot watch television shows because he cannot follow the plot. [Doc. 239 at 14-15]. However, the evidence presented in the PSR (to which Movant did not object) and at the plea hearing (which Movant admitted to) depicts Movant as negotiating drug and firearms deals, setting prices, and arranging meetings. If Movant's memory was truly as diminished as he now claims, he could not have done many of the things that he has admitted doing.[2] As a result, this Court concludes that the Magistrate Judge was correct in finding that Movant's trial counsel was not deficient in failing to present a more robust case in mitigation.

Importantly, this Court has reviewed the evidence that Movant presented in this § 2255 proceeding and found some of that evidence is compelling. However, as this Court noted during the sentencing hearing, this Court found Movant's circumstances compelling in the first instance. [Doc. 156 at 29-31]. As a result, the Court imposed a sentence that was below the guidelines and was less than that sought by the Government. But, given the seriousness of the offense, the amount of drugs involved, and the sentences to be imposed on Movant's codefendants, this Court felt constrained to not depart too significantly from the guidelines sentence. [*Id.* at 31].

---

[2] The Magistrate Judge pointed out other examples that show that Movant's claim of significant cognitive difficulties is difficult to credit. [Doc. 234 at 19-20].

Even if this Court had the new evidence that Movant has presented before it at sentencing, those constraints just mentioned would have compelled this Court to still impose the same sentence. Put another way, mitigation can carry a criminal defendant only so far, and at some point, ever more such evidence no longer balances out the seriousness of the offense committed, the need to punish criminal acts, the defendant's criminal history, and the other factors that must be considered in imposing a sentence. *See* 28 U.S.C. § 3553(a). As this Court would not have imposed a different sentence, Movant cannot demonstrate prejudice under *Strickland*, and his sole ground for relief thus fails.

## IV.  Conclusion

Having reviewed the record, this Court concludes that the Magistrate Judge is correct that Movant has not shown that he is entitled to relief. Accordingly, the R&R, [Doc. 234], is **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 201], is **DENIED**. The Court further agrees that Movant has not made the showing required under 28 U.S.C. §2253(c)(2), and a Certificate of Appealability is **DENIED**. The Clerk is **DIRECTED** to terminate the original § 2255 motion, [Doc. 167], as superseded. Finally, the Clerk is **DIRECTED** to close Civil Action No. 1:22-CV-2501-WMR.

**IT IS SO ORDERED**, this 28th day of October, 2024.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

8